EREIN JUSTIN, Appellant, v STEVEN ORSHAN, Respondent, et al., Defendants. ARTHUR TRUST, Nonparty Respondent. [788 NYS2d 407]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated April 14, 2003, as denied her motion for leave to amend the complaint to add Arthur Trust as an additional defendant, serve a supplemental summons and amended verified complaint, and amend the caption of this action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention that CPLR 1024 applies under the circumstances of this case was improperly raised for the first time in her reply papers (*see McCarthy v City of New York*, 5 AD3d 445, 446 [2004]; *Medugno v City of Glen Cove*, 279 AD2d 510, 511-512 [2001]) and, in any event, is without merit. In order to employ the procedural mechanism made available by CPLR 1024, a plaintiff must show that he or she made "timely efforts to identify the correct party before the statute of limita-

tions expired" (*Scoma v Doe,* 2 AD3d 432, 433 [2003]; *see Fountain v Ocean View II Assoc.,* 266 AD2d 339, 340 [1999]). Here, the plaintiff failed to make such a showing. Further, the description in the complaint was insufficient to fairly apprise Arthur Trust, the proposed additional defendant, that he was the intended defendant (*see Reid v Niagara Mach. & Tool Co.,* 170 AD2d 662 [1991]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1024, at 249-250).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.