■ CHARLES H. HALL et al., Respondents, v S.H. GOPINATHA RAO et al., Appellants. [809 NYS2d 661]—

Crew III, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered August 16, 2004 in St. Lawrence County, which, inter alia, denied defendants' motion to dismiss the complaint against defendant S.H. Gopinatha Rao and granted plaintiffs' cross motion to dismiss certain of defendants' affirmative defenses.

In March 2000, plaintiff Charles H. Hall had his gallbladder removed at defendant E.J. Noble Hospital. Defendant Vijay Kumar Mandalaywala performed the surgery and defendant S.H. Gopinatha Rao was the anesthesiologist for the procedure. Although the actual surgical procedure apparently proceeded without incident, Hall allegedly suffered nerve injury to his upper extremities due to improper positioning during the procedure. As a result, Hall and his spouse, derivatively, commenced this malpractice action against defendants on or about Septem-

ber 13, 2002—one day prior to the expiration of the statute of limitations.

At the time this action was commenced, plaintiffs were unaware of Rao's identity and, accordingly, commenced the action against the hospital, Mandalaywala and "John Doe, M.D. and XYZ Anesthesiology." Plaintiffs served the hospital and Mandalaywala in January 2003 and, after obtaining various extensions, ultimately ascertained Rao's identity and location and served him in December 2003. Rao answered and raised various affirmative defenses, including the statute of limitations and lack of personal jurisdiction. Defendants subsequently moved to dismiss the complaint against Rao, and plaintiffs cross-moved to, among other things, strike the foregoing affirmative defenses. Supreme Court denied defendants' motion and granted plaintiffs' cross motion, prompting this appeal.

Although CPLR 1024 indeed permits a plaintiff to commence an action against an unknown party, in order to utilize this procedural mechanism, the plaintiff must show that timely efforts were made to identify the correct party in interest prior to the expiration of the applicable statute of limitations (*see Justin v Orshan*, 14 AD3d 492, 492-493 [2005]; *Opiela v May Indus. Corp.*, 10 AD3d 340, 341 [2004]; *Scoma v Doe*, 2 AD3d 432, 433 [2003]). Although the record before us is replete with evidence documenting plaintiffs' efforts to ascertain Rao's identity after the statute of limitations expired in September 2002, that same record is utterly devoid of proof documenting what efforts, if any, plaintiffs undertook to identify Rao prior to the expiration of the statute of limitations. While plaintiffs make much of the fact that they did not receive the operative report identifying Rao as the anesthesiologist until two days after the statute of limitations expired, there is nothing in the record detailing when or with what degree of diligence plaintiffs initially attempted to obtain such report from the hospital. Indeed, plaintiffs all but acknowledge their lack of a timely and diligent attempt to identify Rao prior to the expiration of the statute of limitations, arguing instead that "[a]ny efforts on the part of [plaintiffs] to fully identify and serve . . . Rao would have met with as much resistance prior to suit as [plaintiffs] encountered after suit." As plaintiffs' efforts to identify Rao in a timely fashion fell short, Supreme Court erred in denying defendants' motion to dismiss the complaint against Rao on this basis.

Nor are we persuaded that plaintiffs are entitled to the benefit of the relation back doctrine, which requires, among other things, that the new party, i.e., Rao, knew or should have known that but for a mistake by the plaintiffs as to the identity of the

proper parties, the action would have been brought against him or her as well (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d 596, 598 [2004]). Here, plaintiffs' failure to identify Rao prior to commencing this action was not the result of any mistake but, rather, was the product of their failure to make a timely and genuine attempt to ascertain Rao's identity. We therefore reject plaintiffs' assertion that they should be permitted, in the alternative, to utilize this doctrine to amend the complaint and add Rao as a party united in interest with the hospital and Mandalaywala.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, defendants' motion to dismiss the complaint against defendant S.H. Gopinatha Rao granted and plaintiffs' cross motion to dismiss certain affirmative defenses denied.