■ TERRY L. OLMSTED, Respondent, v PIZZA HUT OF AMERICA, INC., et al., Defendants, and DAVE HALL ELECTRIC, INC., Appellant. [813 NYS2d 241]—

Rose, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered August 3, 2005 in Madison County, which, inter alia, partially granted plaintiff's motion to amend the caption.

On December 13, 2002, one day before the statute of limitations was to expire, plaintiff commenced this action to recover for injuries she allegedly sustained in December 1999 when she received a severe electrical shock while working at the premises of defendant Pizza Hut of America, Inc. (hereinafter defendant). Because she could not identify the person or contractor who installed the allegedly defective electrical system, despite preaction discovery proceedings, plaintiff named them as "John Doe" defendants in her summons and complaint pursuant to CPLR 1024. Plaintiff subsequently requested and received repeated extensions of her time to identify and serve the unknown parties (*see* CPLR 306-b). In March 2005, plaintiff moved to amend the caption of the action by replacing "John Doe Electrical Contracting Inc." with "Dave Hall Electric, Inc." (hereinafter Hall), the entity allegedly involved in providing on-call mainte-

nance of the electrical system at defendant's premises. Over Hall's objections, Supreme Court granted plaintiff's motion. Hall now appeals.

Hall contends that plaintiff's complaint does not sufficiently identify the then-unknown electrical contractor as the party who maintained, rather than installed, defendant's electrical system. We agree. Under CPLR 1024, the description of the unknown party must be sufficiently complete to fairly apprise that entity that it is the intended defendant (*see Justin v Orshan,* 14 AD3d 492, 493 [2005]; *Lebowitz v Fieldston Travel Bur.,* 181 AD2d 481, 482 [1992]). Although, as Supreme Court noted, the complaint preliminarily recites that plaintiff's preaction order sought to identify the contractors who installed or maintained the electrical system, its substantive paragraphs identify the unknown electrical contractor as the one who was involved in the construction of defendant's restaurant, who had a duty to construct the premises to be reasonably safe and who contracted with the general contractor to install the restaurant's electrical system. There are no allegations that the unknown electrical contractor negligently repaired or maintained the electrical system after its construction. Contrary to the dissent's contention, it was not necessary for Hall's president to address whether or not Hall had replaced an outlet in the restaurant as long as Hall did not install the electrical system. If Hall's president had read the complaint, he would not have known that Hall was an intended defendant and, thus, the summons and complaint were jurisdictionally insufficient (*see Lebowitz v Fieldston Travel Bur., supra* at 482).

In view of the foregoing, we need not address Hall's remaining arguments.

Crew III, J.P. and Mugglin, J., concur.

Kane, J. (dissenting). We disagree with the majority's determination that the president of Dave Hall Electric, Inc. (hereinafter Hall) could not have gleaned from the complaint that Hall was an intended defendant. The only question before us, at this preanswer stage, is whether the complaint's description of the unnamed defendant was sufficiently complete to fairly apprise Hall that it was an intended defendant (*see* CPLR 1024; *Justin v Orshan,* 14 AD3d 492, 493 [2005]). Plaintiff alleged that she was injured after receiving an electric shock due to the failure of an outlet's ground fault interruption device in the kitchen of the premises of defendant Pizza Hut of America, Inc. She then alleged that John Doe Electrical Contracting Inc. negligently installed the electrical system, and also "installed an electrical box in a negligent, improper and dangerous manner." Hall's

president avers in his affidavit that Hall provided on-call electrical repair and maintenance for Pizza Hut but did not install any of its electrical systems. His affidavit does not address whether Hall installed any electrical boxes. Assuming that Hall's repair and maintenance activities included replacing a single electrical outlet, which may more commonly be referred to as repair or maintenance than installation, the complaint was sufficient to give Hall notice that it was an intended defendant. Thus, Supreme Court did not err in permitting plaintiff to amend the caption to substitute Hall for the John Doe defendant.

Peters, J., concurs. Ordered that the order is modified, on the law, with costs to Dave Hall Electric, Inc., by reversing so much thereof as partially granted plaintiff's motion to amend the caption; motion denied in its entirety; and, as so modified, affirmed.