■ WILLIAM ROGERS et al., Respondents, v DUNKIRK AVIATION SALES & SERVICE, INC., et al., Defendants, and ZENITH FUEL SYSTEMS, INC., et al., Appellants. [818 NYS2d 717]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered May 18, 2005. The order denied the motion of defendants Zenith Fuel Systems, Inc. and Zenith Fuel Systems LLC to dismiss the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action in October 2001 seeking damages for injuries sustained by plaintiff William Rogers when he crash-landed his airplane in August 2000. On June 19, 2003, plaintiffs served defendants with a notice to produce, seeking the "name and manufacturer" of various engine components. Four of the named defendants erroneously informed plaintiffs that Zenith Aircraft Company (Zenith Aircraft) was the manufacturer of the engine fuel pump. On August 22, 2003, plaintiffs moved for leave to amend the verified complaint by adding five named defendants, including Zenith Aircraft, and two John Doe defendants. The statute of limitations, which was to expire in three days, was thus tolled until the date of entry of the order granting plaintiffs leave to amend the verified complaint (*see Perez v Paramount Communications,*

92 NY2d 749, 754-756 [1999]; *see also Long v Sowande*, 27 AD3d 247, 248 [2006]). The order granting plaintiffs' motion was entered on December 8, 2003, and plaintiffs filed a supplemental summons and amended verified complaint that day.

Plaintiffs thereafter learned that Zenith Aircraft had no role in manufacturing any of the engine components and in February 2004 served another notice to produce on the four defendants that had provided the erroneous information. In March 2004 those defendants produced a purchase order indicating that Zenith Fuel Systems LLC was the manufacturer of the fuel pump. Plaintiffs served the supplemental summons and amended verified complaint on Zenith Fuel Systems, Inc. and Zenith Fuel Systems LLC, the successor to Zenith Fuel Systems, Inc. (collectively, Zenith Fuel defendants), on June 7, 2004, Supreme Court having granted an extension of time for service pursuant to CPLR 306-b. Contrary to the contention of the Zenith Fuel defendants, the court obtained jurisdiction over them pursuant to CPLR 1024 and thus properly denied their motion to dismiss the amended complaint against them pursuant to CPLR 3211 (a) (8). Plaintiffs established that they made the requisite "genuine efforts" to ascertain the identity of the Zenith Fuel defendants prior to the expiration of the statute of limitations (*Porter v Kingsbrook OB/GYN Assoc.*, 209 AD2d 497, 497 [1994], *appeal dismissed* 86 NY2d 871 [1995]; *see Luckern v Lyonsdale Energy Ltd. Partnership*, 229 AD2d 249, 253-254 [1997]). In addition, the Zenith Fuel defendants are adequately described in the amended complaint such that, " 'from the description in the complaint,' " they would have known that they were intended defendants (*Lebowitz v Fieldston Travel Bur.*, 181 AD2d 481, 482 [1992]; *see generally Olmstead v Pizza Hut of Am., Inc.*, 28 AD3d 855 [2006]). Thus, we further conclude that the court properly refused to dismiss the amended complaint against the Zenith Fuel defendants as time-barred. We have examined the remaining contention of the Zenith Fuel defendants and conclude that it is lacking in merit. Present— Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.