Redstone Garage Corp., Respondent,
against
New Breed Automotive, Inc., Automotive and New Breed Auto Sales, also Known as New Breed Auto Sales, Inc., and New Breed Auto Collision, Inc., Tenants, and Dari Auto Repair, LLC, Fleet Safety Co., Inc., Creative Auto Repairs, Creative Auto Repairs, Inc., Express Package, LLC, Daniel Rosenblum, SK Tech Auto, SK Tech, Inc., Serge "Doe", Simon "Doe", Aryeh Klein, Tamara Klein, Booky "Doe", "John Doe" and "Jane Doe", Undertenants, and Star Supplies & Maint., Inc., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered November 18, 2014. The order denied a motion by Star




Supplies & Maint., Inc. to vacate so much of a default final judgment and warrant as were against it, and to dismiss so much of the petition as was against it, or for alternative relief.
ORDERED that the order is reversed, without costs, and the motion by Star Supplies & Maint., Inc. to vacate so much of the default final judgment and warrant as were against it, and to dismiss so much of the petition as was against it, is granted.
In December 2013, landlord commenced this commercial holdover proceeding to recover a building located in Brooklyn, New York. The petition listed New Breed Auto Sales, also Known as New Breed Auto Sales, Inc., New Breed Automotive, Inc. (New Breed), and New Breed Auto Collision Inc. as tenants-respondents (collectively tenants). The petition also listed 14 undertenants-respondents, including "XYZ Corp." (collectively undertenants). The proceeding was commenced following the service of a 30-day notice on tenants, since New Breed had become a month-to-month tenant upon the expiration of its lease agreement. "XYZ Corp." and several other undertenants failed to appear or answer, and, in March 2014, an inquest was held, after which landlord was awarded, among other things, a final judgment of possession and a warrant of eviction against "XYZ Corp." At the inquest, upon application by landlord's attorney, the Civil Court amended the petition to substitute Star Supplies & Maint., Inc. (Star) for "XYZ Corp." Thereafter, Star moved to, among other things, vacate so much of the default final judgment and warrant as were entered against it, and to dismiss so much of the petition as was against it. Star argued, among other things, that the court had no jurisdiction over it since it [*2]was "neither named nor served with process," and landlord had been aware prior to the commencement of the proceeding that Star occupied the premises. By order entered November 18, 2014, the Civil Court denied Star's motion on the ground that Star had failed to demonstrate both a reasonable excuse for its default and a meritorious defense to the proceeding.
CPLR 1024, entitled "Unknown parties," states as follows:
"A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly."
A plaintiff that does not have knowledge of a defendant's name must show due diligence in seeking to ascertain the defendant's name prior to the commencement of an action (see Holmes v City of New York, 132 AD3d 952, 953 [2015]; Bumpus v New York City Tr. Auth., 66 AD3d 26, 29 [2009]; RR Reo II, LLC v Omeje, 33 Misc 3d 128[A], 2011 NY Slip Op 51848[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Siegel, NY Prac § 188 at 328 [5th ed]). If the plaintiff knows, or reasonably should know, the defendant's true name, an unknown party designation in the summons will generally be treated as a jurisdictional defect (see ABKCO Indus., Inc. v Lennon, 52 AD2d 435, 441-442 [1976]), and the failure to exercise due diligence to ascertain the defendant's true name subjects the complaint to dismissal as to that party (see Bumpus v New York City Tr. Auth., 66 AD3d at 30). In addition, the unknown party must be described in such form as will fairly apprise the party that it is the intended defendant (see Holmes v City of New York, 132 AD3d at 953; Bumpus v New York City Tr. Auth., 66 AD3d at 30; Justin v Orshan, 14 AD3d 492, 493 [2005]; RR Reo II, LLC v Omeje, 33 Misc 3d 128[A], 2011 NY Slip Op 51848[U], *2).
A review of the record on appeal indicates that landlord's president was aware that Star occupied space in the premises prior to the commencement of the instant proceeding. The record further indicates that, in 2013, landlord's president had received from New Breed's president a copy of the insurance certificate for "Star Supplies and Maintenance Corp." and the outside of the building contains a sign stating "NO PARKING. STAR SUPPLIES ONLY." Inasmuch as landlord reasonably should have known Star's name, the "XYZ Corp." designation in the summons constituted a jurisdictional defect.
Accordingly, the order is reversed and the motion by Star Supplies & Maint., Inc. to vacate so much of the default final judgment and warrant as were against it, and to dismiss so much of the petition as was against it is granted. 
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: December 07, 2016