■ WILLIAM WALKER, Appellant, v HORMANN FLEXON, LLC, et al., Defendants, and RYTEC CORPORATION, Respondent. [59 NYS3d 614]—

Garry, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered February 8, 2016 in Albany County, which granted a motion by defendant Rytec Corporation to dismiss the third amended complaint against it.

On August 1, 2014, three days before the statute of limitations was to expire, plaintiff commenced this action to recover for injuries he allegedly sustained in August 2011 when an overhead door fell from a raised position and struck him (see CPLR 214). Within his initial complaint, plaintiff designated the corporate entities "who designed, manufactured, sold, distributed, assembled, installed, maintained, repaired and/or serviced the overhead door[ ]," as John Does Nos. 4 through 6. On June 4, 2015, plaintiff filed a third amended complaint identifying defendant Rytec Corporation as John Doe No. 5. Rytec thereafter filed a pre-answer motion to dismiss the complaint against it on the ground that the claim was barred by the statute of limitations. Plaintiff opposed, asserting that he had adhered to the procedure set out by CPLR 1024, which allowed the filing of the third amended complaint to relate back to the date that the original complaint was filed—before the statute of limitations expired. In reply, Rytec argued that plaintiff had not adhered to the requirements of this provision, as he had not demonstrated due diligence in attempting to learn its identity. Supreme Court granted Rytec's motion. Plaintiff appeals.

The statutory provision allowing commencement of an action against unknown parties does not toll the statute of limitations (see CPLR 1024; *Kaczmarek v Benedictine Hosp.*, 176 AD2d 1183, 1183-1184 [1991]; *Green v County of Fulton*, 123 AD2d 88, 90 [1987]). As Supreme Court held, plaintiff was required to serve all parties within 120 days of filing, or seek leave to extend the time for service "upon good cause shown or in the interest of justice" (CPLR 306-b; *see Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 31 [2009]). Here, plaintiff failed to seek leave to extend the time for service prior to expiration of the statutory limitations period.

Further, a party seeking to apply the relation-back doctrine under CPLR 1024 carries the burden "of establishing that diligent efforts were made to ascertain the unknown party's identity prior to the expiration of the statute of limitations" (*Holmes v City of New York*, 132 AD3d 952, 954 [2015]; *see Goldberg v Boatmax://, Inc.*, 41 AD3d 255, 256 [2007]; *Luckern v Lyonsdale Energy Ltd. Partnership*, 229 AD2d 249, 253 [1997]).* Plaintiff's third amended complaint was filed nearly 10 months after the statute of limitations expired, with the delay essentially unexplained but for a statement that Rytec's identity could not be ascertained until the door was inspected in May 2015. There was no effort to explain any basis for the precommencement delay, and no discussion relative to any of the potential additional discovery efforts that might or could have been undertaken prior to the expiration of the limitations period (*see Temple v New York Community Hosp. of Brooklyn*, 89 AD3d 926, 928 [2011]; *Hall v Rao*, 26 AD3d 694, 695 [2006]; *compare U.S. Bank N.A. v Losner*, 145 AD3d 935, 937 [2016]; *Luckern v Lyonsdale Energy Ltd. Partnership*, 229 AD2d at 254).

Accordingly, we find that Supreme Court properly granted Rytec's motion to dismiss the third amended complaint against it, as it was barred by the statute of limitations (*see Holmes v City of New York*, 132 AD3d at 954; *Temple v New York Community Hosp. of Brooklyn*, 89 AD3d at 928; *compare Henderson-Jones v City of New York*, 87 AD3d 498, 506 [2011]).

McCarthy, J.P., Lynch, Rose and Devine, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Defendant's arguments to this effect in reply were made in rebuttal to plaintiff's opposition to the motion and did not constitute improper new assertions (*see Jacobson v Leemilts Petroleum, Inc.*, 101 AD3d 1599, 1600 [2012]).