Walker v Glaxosmithkline, LLC (2018 NY Slip Op 03581)





Walker v Glaxosmithkline, LLC


2018 NY Slip Op 03581


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525318

[*1]WILLIAM WALKER, Appellant,
v
GLAXOSMITHKLINE, LLC, et al., Defendants, and JACOBS FIELD SERVICES NORTH AMERICA, INC., et al., Respondents.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Bendall & Mednick, Esqs., Schenectady (J. David Burke of Law Offices of J. David Burke, Schenectady, of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Albany (Mara D. Afzali of counsel), for Jacobs Field Services North America, Inc., respondent.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Sara A. McGrath of counsel), for BCI Construction, Inc., respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Stanec Consulting Services, Inc., respondent.
Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Judith B. Aumand of counsel), for Madsen Overhead Doors, respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (O'Connor, J.), entered October 31, 2016 in Albany County, which, among other things, granted motions by defendants Jacobs Field Services North America, Inc., BCI Construction, Inc., Stantec Consulting Services, Inc. and Madsen Overhead Doors for summary judgment dismissing the fourth amended complaint against them.
Plaintiff allegedly sustained personal injuries after an overhead door fell and struck him on August 4, 2011. Plaintiff thereafter commenced this negligence and strict products liability action on August 1, 2014. In his initial complaint, plaintiff specifically named certain defendants, who are not at issue here, and designated other corporate defendants as John Doe [*2]Nos. 1 through 6. Plaintiff then filed an amended complaint in September 2014 identifying defendant Jacobs Field Services North America, Inc. as John Doe No. 4. In February 2015, plaintiff filed a second amended complaint identifying defendant BCI Construction, Inc. as John Doe No. 1. A third amended complaint was filed in June 2015 identifying Rytec Corporation as John Doe No. 5 [FN1]. Plaintiff, in December 2015, filed a fourth amended complaint identifying defendants Madsen Overhead Doors and Stantec Consulting Services, Inc. as John Doe Nos. 3 and 6, respectively. Jacobs Field Services, BCI, Madsen Overhead Doors and Stantec Consulting (hereinafter collectively referred to as defendants) separately moved for summary judgment on the basis that plaintiff's claims were barred by the applicable statute of limitations [FN2]. Supreme Court, among other things, granted the separate motions, prompting this appeal by plaintiff. We affirm.
A plaintiff who is unaware of the name or identity of a defendant may proceed against such defendant by designating so much of his or her name as is known (see CPLR 1024) and must show that he or she made timely and diligent efforts to ascertain the identity of an unknown defendant prior to the expiration of the statute of limitations (see Holmes v City of New York, 132 AD3d 952, 953 [2015]; Hall v Rao, 26 AD3d 694, 695 [2006]; Tucker v Lorieo, 291 AD2d 261, 261-262 [2002]). In the absence of evidence that a plaintiff made the requisite timely and diligent efforts to identify an unknown defendant, he or she may not take advantage of the procedural mechanism provided by CPLR 1024 (see Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 927 [2011]; Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d 249, 253 [1997]).
We conclude that Supreme Court correctly determined that plaintiff failed to establish that he made timely and diligent efforts to discover defendants' identities prior to when the statute of limitations expired on August 4, 2014 (see Walker v Hormann Flexon, LLC, 153 AD3d 997, 998 [2017]; Temple v New York Community Hosp. of Brooklyn, 89 AD3d at 927-928; Porter v Kingsbrook OB/GYN Assoc., 209 AD2d 497, 497 [1994], appeal dismissed 86 NY2d 871 [1995]). The only action that plaintiff took was retaining counsel on August 1, 2014, three days before the statute of limitations expired. Such fact, however, does not relieve him of his obligation to exercise diligent efforts. Indeed, we note that, upon retention, counsel immediately took action by sending an investigator to the accident scene. There is no explanation as to why plaintiff waited so long to retain counsel or any indication that he was somehow precluded from doing so prior to the expiration of the statute of limitations. Moreover, contrary to plaintiff's assertion, preaction discovery under CPLR 3102 (c) is not limited to those parties who appear with counsel.
To that end, we reject plaintiff's assertion that whether he exercised due diligence must be measured from the point when he retained counsel (see Fountain v Ocean View II Assoc., 266 AD2d 339, 340 [1999]). Plaintiff's additional contention that the duty to exercise due diligence for purposes of CPLR 1024 commences when litigation is reasonably foreseeable is improperly raised for the first time on appeal (see MLB Constr. Servs., LLC v Lake Ave. Plaza, LLC, 156 AD3d 983, 985 [2017]) and, in any event, is without merit. Accordingly, Supreme Court [*3]properly granted defendants' separate motions (see Hall v Rao, 26 AD3d at 695). Finally, given that plaintiff failed to establish his entitlement to employ CPLR 1024 in the first instance, plaintiff's remaining claims regarding CPLR 306-b are academic.
McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: In a separate appeal, we affirmed Supreme Court's order granting Rytec Corporation's motion to dismiss the third amended complaint (Walker v Hormann Flexon, LLC, 153 AD3d 997 [2017]).

Footnote 2: It is undisputed that the statute of limitations expired on August 4, 2014.