Moran v County of Suffolk (2020 NY Slip Op 07561)





Moran v County of Suffolk


2020 NY Slip Op 07561


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2017-05280
 (Index No. 16158/15)

[*1]Michael Moran, appellant,
v
County of Suffolk, et al., respondents.


Bauman & Kunkis, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated April 12, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Robert Bodenmiller as time barred and to dismiss the cause of action against the defendant County of Suffolk alleging negligent hiring and training for failure to state a cause of action, and pursuant to CPLR 3024(a) to compel the plaintiff to provide a more definite statement as to the remaining causes of action asserted against the defendant County of Suffolk.
ORDERED that the appeal from so much of the order as granted that branch of the defendants' motion which was pursuant to CPLR 3024(a) to compel the plaintiff to provide a more definite statement is dismissed, without costs or disbursements, as no appeal lies as of right therefrom (see CPLR 5701[b][2]), and we decline to grant leave to appeal; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
On August 4, 2010, the plaintiff allegedly was shot by Police Officer Robert Bodenmiller, without justification, in a restaurant in West Babylon. On August 1, 2011, the plaintiff commenced an action in the United States District Court for the Eastern District of New York (hereinafter the federal action) against the County of Suffolk and the John Doe officer alleged to have shot the plaintiff, whose identity was not known to the plaintiff at that time. In that action, the plaintiff asserted a cause of action alleging a violation of 42 USC § 1983 based on the use of excessive force, and state law claims alleging, inter alia, negligent hiring and training, and assault and battery. Thereafter, the plaintiff learned the identity of the John Doe defendant as Bodenmiller. On November 8, 2011, the plaintiff effected service pursuant to CPLR 308(2) upon "John Doe, the person intended to be the police officer who shot plaintiff, n/k/a Robert Bodenmiller," and thereafter deposed him on July 10, 2013.
In an order dated March 24, 2015, the District Court, inter alia, granted that branch of the County's motion which was for summary judgment dismissing the federal cause of action asserted against the John Doe defendant as time-barred, and declined to exercise supplemental jurisdiction over various state law causes of action. The District Court determined, among other things, that the plaintiff failed to exercise due diligence to ascertain the identity of the John Doe defendant as required to apply CPLR 1024, and thus, "an amendment to substitute Bodenmiller for [*2]the John Doe Defendant would not relate back to the filing date of Plaintiff's Complaint under federal or state law."
On September 16, 2015, the plaintiff commenced the instant action in the Supreme Court, Suffolk County, against the County and Bodenmiller, alleging, inter alia, negligent hiring and training, and assault and battery. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Bodenmiller as time-barred and to dismiss the cause of action asserted against the County alleging negligent hiring and training for failure to state a cause of action, and pursuant to CPLR 3024(a) to compel the plaintiff to provide a more definite statement as to the remaining causes of action asserted against the County. In an order dated April 12, 2017, the Supreme Court granted the defendants' motion. The plaintiff appeals.
Under New York's commencement-by-filing system, "a claim asserted against unknown parties pursuant to CPLR 1024 is deemed to be interposed for Statute of Limitations purposes when the 'John Doe' summons with notice is filed with the clerk of the court" (Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d 249, 254; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 30-31). Pursuant to CPLR 1024, "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his [or her] name and identity as is known." However, a plaintiff cannot rely on CPLR 1024 unless he or she "exercise[s] due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, [is] unable to do so," and "[a]ny failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party" (Bumpus v New York City Tr. Auth., 66 AD3d at 29-30).
Here, the plaintiff argues that the claims asserted against the John Doe defendant in the federal action were timely commenced pursuant to CPLR 1024, and thus, the claims asserted against Bodenmiller in this action were timely commenced within six months after the dismissal of the claims in the federal action pursuant to CPLR 205(a). However, in the federal action, the District Court determined, inter alia, that the plaintiff failed to exercise due diligence to ascertain the identity of the John Doe defendant as required to apply CPLR 1024, and therefore the claims asserted against the John Doe defendant did not relate back to the filing date of the complaint prior to the expiration of the statute of limitations.
"Collateral estoppel, or issue preclusion, is 'a component of the broader doctrine of res judicata' which provides that, 'as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action'" (Highlands Ctr., LLC v Home Depot U.S.A., Inc., 149 AD3d 919, 921, quoting Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485). "'The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate'" (Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 735-736, quoting Matter of Dunn, 24 NY3d 699, 704). "Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims" (Clifford v County of Rockland, 140 AD3d 1108, 1110).
Here, based upon the District Court's determination in the federal action, the plaintiff is collaterally estopped from relying upon CPLR 1024 to assert that the claims asserted against Bodenmiller in the federal action were timely commenced (see Stryker v Stelmak, 69 AD3d 454, 455; Suffolk County Water Auth. v Lizza Indus., 281 AD2d 620, 621). Consequently, the plaintiff failed to establish that the claims asserted against Bodenmiller in this action were timely commenced pursuant to CPLR 205(a), which "saves only those claims that were timely interposed in the first action" (Louis Food Serv. Corp. v Department of Educ. of the City of N.Y., 76 AD3d 956, 957 [internal quotation marks omitted]).
Furthermore, contrary to the plaintiff's contention, he failed to state a cause of action alleging negligent hiring or training against the County. "Generally, where an employee is acting [*3]within the scope of his or her employment, . . . no claim may proceed against the employer for negligent hiring, retention, supervision or training" (Decker v State of New York, 164 AD3d 650, 653 [internal quotation marks omitted]). Here, the plaintiff alleged that the shooting occurred while Bodenmiller was acting within the scope of his employment and, thus, the plaintiff failed to state a cognizable cause of action to recover damages for negligent hiring or training (see Leftenant v City of New York, 70 AD3d 596, 597).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Bodenmiller as time-barred and to dismiss the cause of action asserted against the County alleging negligent hiring and training for failure to state a cause of action.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court