A.S. v Erie County (2023 NY Slip Op 04868)

A.S. v Erie County

2023 NY Slip Op 04868

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

657 CA 22-01794

[*1]A.S., PLAINTIFF-RESPONDENT,
v
ERIE COUNTY, ET AL., DEFENDANTS, AND BERKSHIRE FARM CENTER AND SERVICES FOR YOUTH, DEFENDANT-APPELLANT. 

GIRVIN & FERLAZZO, P.C., ALBANY (DANIEL S.L. RUBIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
HERMAN LAW, NEW YORK CITY (STUART S. MERMELSTEIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered November 4, 2022. The order denied the motion of defendant Berkshire Farm Center and Services for Youth to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On July 12, 2021, plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused in approximately 1988 by her foster father while she was placed in a foster home. Plaintiff named as defendants Erie County (County) and "DOES 1-10," which were described as entities providing foster care services in the County. In May 2022, plaintiff moved, inter alia, to amend the complaint to substitute defendant Berkshire Farm Center and Services for Youth (Berkshire) for "DOE 1" as a defendant pursuant to CPLR 1024. Supreme Court granted the motion, and plaintiff filed a supplemental summons and amended complaint. Berkshire then moved to dismiss the amended complaint against it pursuant to CPLR 3211 (a) (5) and (8). The court denied the motion, and we now affirm.
Contrary to Berkshire's contention, plaintiff satisfied the requirements of CPLR 1024 to substitute it for "DOE 1" in the complaint. "Under CPLR 1024, the description of the unknown party must be sufficiently complete to fairly apprise that entity that it is the intended defendant" (Olmsted v Pizza Hut of Am., Inc., 28 AD3d 855, 856 [3d Dept 2006]; see Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1165 [2d Dept 2010]; Carmer v Odd Fellows, 66 AD3d 1435, 1436 [4th Dept 2009]). In addition, the plaintiff "must show that [they] made 'timely efforts to identify the correct party before the statute of limitations expired' " (Justin v Orshan, 14 AD3d 492, 492-493 [2d Dept 2005]; see Walker v Hormann Flexon, LLC, 153 AD3d 997, 998 [3d Dept 2017]; Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d 249, 253 [4th Dept 1997]).
We conclude that the complaint adequately described Berkshire such that, from that description, it would have known that it was an intended defendant (see Rogers v Dunkirk Aviation Sales & Serv., Inc., 31 AD3d 1119, 1120 [4th Dept 2006]; see generally Carmer, 66 AD3d at 1436). In the complaint, plaintiff alleged that she was abused by her foster father when she was placed in foster care with a family in Erie County, but that she was unable to recall the name of the foster father because of her young age at the time of the abuse and the trauma caused by the abuse. The complaint further alleged that the abuse occurred in "approximately 1988," when plaintiff was about 14 years old, and it described "DOE 1" as an entity that contracted with the County to provide foster care services.
We further conclude that plaintiff demonstrated that she made a diligent inquiry and genuine efforts to ascertain the identity of Berkshire prior to the running of the statute of limitations (see Rogers, 31 AD3d at 1120; Luckern, 229 AD2d at 254). In July 2021 and again in early August 2021, prior to the expiration of the statute of limitations on August 14, 2021 (see CPLR 214-g), plaintiff requested that the County produce her foster care records, or, in the alternative, identify any foster care agencies responsible for her care and oversight. Plaintiff provided the County with her name and date of birth, but the County indicated that it did not have any records for plaintiff. It was not until March 2022, after plaintiff had provided the additional information of the name of another foster child who was placed in the foster home with plaintiff, that the County identified Berkshire as the authorized agency involved in plaintiff's foster care placement. Plaintiff thus established that she made timely efforts to identify Berkshire prior to August 14, 2021. We agree with plaintiff that she was not privy to how the County's database worked and what precise identifying information the County needed in order to locate plaintiff's records.
In light of our determination, we need not address Berkshire's remaining contention regarding the relation back doctrine.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court