C.G. v Erie County (2025 NY Slip Op 03441)

C.G. v Erie County

2025 NY Slip Op 03441

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

289 CA 24-00412

[*1]C. G., PLAINTIFF-RESPONDENT,
v
ERIE COUNTY, ET AL., DEFENDANTS, AND CHILD AND FAMILY SERVICES, FORMERLY KNOWN AS CHILDREN'S AID SOCIETY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
HERMAN LAW, NEW YORK CITY (STUART MERMELSTEIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered March 1, 2024. The order denied the motion of defendant Child and Family Services, formerly known as Children's Aid Society, to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On May 25, 2021, plaintiff commenced this personal injury action pursuant to the Child Victims Act (CVA) (see CPLR 214-g) alleging that she was sexually abused by her foster father and sexually assaulted by others while she was placed in a foster home. Plaintiff named as defendants Erie County (County) and "Does 1-10," alleging that the County provided child welfare and protective services and contracted with the Doe defendants to provide foster care services. On July 5, 2023, plaintiff and the County stipulated to amend the complaint to add defendant Children and Family Services, formerly known as Children's Aid Society (CFS), as a defendant. Plaintiff served an amended complaint substituting CFS for the first "Doe" defendant, and CFS moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5).
In appeal No. 1, CFS appeals from an order that denied its motion to dismiss. In appeal No. 2, CFS appeals from an order that denied its motion seeking leave to renew and reargue the motion to dismiss.
Contrary to its contention in appeal No. 1, CFS was properly substituted for one of the Doe defendants pursuant to CPLR 1024. Initially, CFS argues that plaintiff cannot invoke CPLR 1024 because she did not move for leave to extend the time to serve CFS with the amended complaint pursuant to CPLR 306-b. However, CFS failed to raise plaintiff's failure to move pursuant to CPLR 306-b below and thus waived that contention (see Vanyo v Buffalo Police Benevolent Assn., 34 NY3d 1104, 1105 [2019]).
Pursuant to CPLR 1024, "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of [the unknown party's] name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." "Under CPLR 1024, the description of the unknown party must be sufficiently complete to fairly apprise that entity that it is the intended defendant" (Olmstead v Pizza Hut of Am., Inc., 28 AD3d 855, [*2]856 [3d Dept 2006]; see Thas v Dayrick Trading, Inc., 78 AD3d 1163, 1165 [2d Dept 2010]; Carmer v Odd Fellows, 66 AD3d 1435, 1436 [4th Dept 2009]). In addition, the plaintiff "must show that [they] made 'timely efforts to identify the correct party before the statute of limitations expired' " (Justin v Orshan, 14 AD3d 492, 492-493 [2d Dept 2005]). We conclude that plaintiff satisfied both prongs here, and thus Supreme Court properly denied CFS's motion to dismiss.
First, we conclude that the original complaint adequately describes CFS such that, from the description, it would have known that it was a defendant. Indeed, the description of the Doe defendants here is virtually identical to the one we deemed sufficient in A.S. v Erie County (219 AD3d 1694, 1695 [4th Dept 2023]). In this case, plaintiff alleged in the complaint that in approximately 1972, at the age of seven, she was placed in foster care with a family in Erie County. The complaint further alleged that, while living with that family, plaintiff was sexually abused by her foster father from the time she was 7 until she was 17 years old, and it described the Doe defendants as entities that contracted with the County to provide foster care services.
Second, plaintiff made a diligent inquiry and genuine efforts to ascertain the identity of CFS prior to the expiration of the statute of limitations (see id.). Prior to the expiration of the statute of limitations, plaintiff requested that the County produce plaintiff's foster care records, including medical records, educational records, progress notes, and placement information. Plaintiff provided the County with her name and date of birth, and an authorization, but the County responded that it did not maintain any records responsive to plaintiff's request. The County also indicated that it did not possess any responsive documents with respect to plaintiff's initial discovery demands. Through her own efforts, plaintiff ultimately discovered that she was placed by Children's Aid Society, now CFS, and as soon as plaintiff became aware of CFS's involvement in her placement, she sought, and the County stipulated, to amend the complaint to add CFS as a party defendant.
In light of our conclusion, we need not reach CFS's alternative contention in appeal No. 1 that the amended complaint does not relate back pursuant to CPLR 203.
With respect to appeal No. 2, we note that no appeal lies from that part of the order that denied CFS's motion to the extent that it sought leave to reargue (see Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1687 [4th Dept 2017]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]; see generally CPLR 5701 [a] [2] [viii]). With respect to the remainder of the order denying the motion to the extent that it sought leave to renew, we note that CFS "failed to address in its brief any issues concerning [that part of the order], and we therefore deem any such issues abandoned" (Verizon N.Y., Inc. v LaBarge Bros. Co., Inc., 81 AD3d 1294, 1295 [4th Dept 2011]; see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Thus, we dismiss the appeal from the order in appeal No. 2.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court