Abrego v Tile World Import Corp. (2025 NY Slip Op 05661)

Abrego v Tile World Import Corp.

2025 NY Slip Op 05661

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.

PAUL WOOTEN

BARRY E. WARHIT

PHILLIP HOM, JJ.

2023-08776

(Index No. 613176/18)

[*1]Evenor Alex Abrego, respondent,

v

Tile World Import Corp., etc., et al., defendants, Werner Global Logistics U.S., LLC, appellant (and a third-party action).

Morrison Mahoney, New York, NY (Paul M. Tarr of counsel), for appellant.

Held & Hines, LLP, Brooklyn, NY (Marc J. Held of counsel), for respondent.

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant Werner Global Logistics U.S., LLC, appeals from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated July 12, 2023. The order denied that defendant's motion (1) pursuant to CPLR 2221 to vacate so much of an order of the same court (Denise F. Molia, J.) dated November 26, 2019, as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add "John Doe Trucking Company" as a defendant insofar as it relates to Werner Global Logistics U.S., LLC, and so much of an order of the same court (Martha L. Luft, J.) dated August 2, 2022, as granted that branch of the plaintiff's motion which was for leave to amend the amended complaint to substitute Werner Global Logistics U.S., LLC, for "John Doe Trucking Company" as a defendant, and (2) pursuant to CPLR 3211(a)(5) to dismiss the amended complaint and all cross-claims insofar as asserted against it.

ORDERED that the order dated July 12, 2023, is reversed, on the law, with costs, and the motion of the defendant Werner Global Logistics U.S., LLC, (1) pursuant to CPLR 2221 to vacate so much of the order dated November 26, 2019, as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add "John Doe Trucking Company" as a defendant insofar as it relates to Werner Global Logistics U.S., LLC, and so much of the order dated August 2, 2022, as granted that branch of the plaintiff's motion which was for leave to amend the amended complaint to substitute Werner Global Logistics U.S., LLC, for "John Doe Trucking Company" as a defendant, and (2) pursuant to CPLR 3211(a)(5) to dismiss the amended complaint and all cross-claims insofar as asserted against it is granted.

In July 2018, the plaintiff commenced this action to recover damages for personal injuries he alleged he sustained in October 2016 while unloading a shipment of tile from a delivery truck. In October 2019, the plaintiff moved, inter alia, for leave to amend the complaint to add "John Doe Trucking Company" as a defendant. In an order dated November 26, 2019, the Supreme Court, among other things, granted that branch of the motion (hereinafter the November 2019 order).

In June 2022, the plaintiff moved, inter alia, for leave to amend the amended complaint to substitute Werner Global Logistics U.S., LLC (hereinafter Werner), and another entity, for "John Doe Trucking Company" as defendants. In an order dated August 2, 2022, the Supreme [*2]Court, among other things, granted that branch of the motion (hereinafter the August 2022 order).

In October 2022, Werner moved (1) pursuant to CPLR 2221 to vacate so much of the November 2019 order as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add "John Doe Trucking Company" as a defendant insofar as it relates to Werner and so much of the August 2022 order as granted that branch of the plaintiff's motion which was for leave to amend the amended complaint to substitute Werner for "John Doe Trucking Company" as a defendant, and (2) pursuant to CPLR 3211(a)(5) to dismiss the amended complaint and all cross-claims insofar as asserted against it as time-barred. Werner contended that this action was time-barred insofar as asserted against it by the applicable three-year statute of limitations (see id. § 214[5]), as the plaintiff did not assert any claims against Werner until June 2022 (see id.). Additionally, Werner contended that CPLR 1024 was inapplicable here, since the plaintiff had failed to exercise due diligence to discover Werner's identity prior to the expiration of the statute of limitations and that the description in the amended complaint was insufficient to fairly apprise Werner that it was the intended defendant. The plaintiff opposed the motion. In an order dated July 12, 2023, the Supreme Court treated Werner's motion as one for leave to reargue and denied the motion. Werner appeals.

Initially, the Supreme Court erred in treating Werner's motion, which was noticed as one pursuant to CPLR 2221 to vacate certain portions of the November 2019 order and the August 2022 order and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint and all cross-claims insofar as asserted against it as time-barred, as a motion for leave to reargue. Therefore, contrary to the plaintiff's contention, the order dated July 12, 2023, is appealable.

Pursuant to CPLR 1024, "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his [or her] name and identity as is known." "However, a plaintiff cannot rely on CPLR 1024 unless he or she 'exercise[s] due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, [is] unable to do so'" (Moran v County of Suffolk, 189 AD3d 1219, 1220-1221, quoting Bumpus v New York City Tr. Auth., 66 AD3d 26, 29-30). "Any failure to exercise due diligence to ascertain the 'Jane Doe's' [or 'John Doe's'] name subjects the complaint to dismissal as to that party" (Bumpus v New York City Tr. Auth., 66 AD3d at 30; see Moran v County of Suffolk, 189 AD3d at 1221). Additionally, the "Jane Doe" or "John Doe" party must "be described in such form as will fairly apprise the party that she [or he] is the intended defendant" (Bumpus v New York City Tr. Auth., 66 AD3d at 30; see Justin v Orshan, 14 AD3d 492, 493).

Here, the plaintiff failed to establish that it made diligent efforts to ascertain Werner's identity prior to the expiration of the statute of limitations (see Agosto v Maria, 232 AD3d 835, 837; Holmes v City of New York, 132 AD3d 952, 954; Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 927-928; Misa v Hossain, 42 AD3d 484, 486). Further, the description in the amended complaint was insufficient to fairly apprise Werner that it was the intended defendant (see Justin v Orshan, 14 AD3d at 493; cf. DeMarzo v Cuba Hill Elementary Sch., 220 AD3d 917, 918). Accordingly, the Supreme Court should have granted Werner's motion (1) pursuant to CPLR 2221 to vacate so much of the November 2019 order as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add "John Doe Trucking Company" as a defendant insofar as it relates to Werner and so much of the August 2022 order as granted that branch of the plaintiff's motion which was for leave to amend the amended complaint to substitute Werner for "John Doe Trucking Company" as a defendant, and (2) pursuant to CPLR 3211(a)(5) to dismiss the amended complaint and all cross-claims insofar as asserted against it as time-barred.

DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court