M. C.-B. v County of Suffolk (2026 NY Slip Op 01758)

M. C.-B. v County of Suffolk

2026 NY Slip Op 01758

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2024-03975
 (Index No. 611218/21)

[*1]M. C.-B., appellant, 
vCounty of Suffolk, et al., defendants, County of Nassau, respondent.

Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Vanessa Neal, and Yusuf Sattar of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated February 27, 2024. The order granted the motion of the defendant County of Nassau pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff timely commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants County of Suffolk (hereinafter Suffolk County) and Does 1-10 to recover damages for negligence. According to the complaint, as a child in 1969-1975, while the plaintiff was under the care and custody of Suffolk County, she was sexually abused by her foster father in a foster home that was located in Suffolk County. After the expiration of the revival period under the Child Victims Act, the plaintiff discovered that she had been in the care and custody of
the County of Nassau (hereinafter Nassau County) during the relevant time frame, and the plaintiff and Suffolk County stipulated to amend the complaint and name Nassau County as an additional defendant. Thereafter, the plaintiff filed an amended complaint naming Nassau County as a defendant. Nassau County answered the amended complaint and moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. In an order dated February 27, 2024, the Supreme Court granted Nassau County's motion. The plaintiff appeals.
Pursuant to CPLR 1024, "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his [or her] name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." "To be effective, a summons and complaint must describe the unknown party in such a manner that the 'Jane Doe' would understand that she [or he] is the intended defendant by a reading of the papers" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 29; see Justin v Orshan, 14 AD3d 492, 493). "An insufficient description subjects the 'Jane Doe' complaint to dismissal for being jurisdictionally defective" (Bumpus v New York City Tr. Auth., 66 AD3d at 30). Morever, "parties are not to resort to the 'Jane Doe' procedure unless they exercise due diligence, prior to the running of the statute of limitations, [*2]to identify the defendant by name and, despite such efforts, are unable to do so. Any failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party" (id. at 29-30 [citations omitted]; see Agosto v Maria, 232 AD3d 835, 837).
Here, the plaintiff did not demonstrate that she diligently sought to identify Nassau County as being responsible for her placement in foster care before the statute of limitations expired (see C.D. v Nassau County, 238 AD3d 708, 708-709; J.V. v Suffolk County, 235 AD3d 803, 803-804). Although in July 2021, the plaintiff's attorney, by letter, requested the plaintiff's foster care records from Suffolk County, the plaintiff failed to follow up on the letter request, and the plaintiff's attorney also did not follow up on discovery demands for the records which were made in May 2022. Further, the plaintiff did not serve a so-ordered subpoena for the records until January 2023, approximately 18 months after the plaintiff's attorney's initial letter request.
Moreover, the allegations in the complaint were insufficient to advise Nassau County that it was the intended subject of the plaintiff's lawsuit, since the complaint described Does 1-10 as persons or entities with responsibilities for the plaintiff's safety, supervision, and/or placement in foster care; described Suffolk County as the plaintiff's legal guardian responsible for placing and supervising the plaintiff while she was in foster care; and did not otherwise adequately describe Nassau County (see J.V. v Suffolk County, 235 AD3d at 804; Irvine v City of New York, 232 AD3d at 468).
Accordingly, the Supreme Court properly granted Nassau County's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., DOWLING, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court