■ WILLIAM MISA et al., Respondents, v AZHAR HOSSAIN et al., Defendants, and BIG APPLE CAR, INC., et al., Appellants. [840 NYS2d 614]—

In an action to recover damages for personal injuries, the defendants Big Apple Car, Inc., and Cloverdale Car, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated February 17, 2006, as granted those branches of the motion of the plaintiff William Misa which were to amend the caption to substitute

Cloverdale Car, Inc., for the defendant "John Doe Corporation being the employer of defendant Azhar Hossain," and to substitute the defendant Big Apple Car, Inc., for the defendant Big Apple New York Limo.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which sought to amend the caption to substitute the defendant Cloverdale Car, Inc., for the defendant "John Doe Corporation being the employer of defendant Azhar Hossain," and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On June 7, 2001 the vehicle of the plaintiff William Misa (hereinafter the plaintiff) was hit by a vehicle driven and owned by the defendant Azhar Hossain. On October 29, 2003 the plaintiff commenced this action against Hossain, naming him as the sole defendant. By letter dated April 20, 2004, in response to the plaintiff's notice to admit dated February 10, 2004, seeking an admission that Hossain was working within the scope of his employment at the time of the accident, and the plaintiff's notice of discovery dated March 18, 2004, seeking the name and address of Hossain's employer at the time of the accident, Hossain's counsel stated that Hossain was acting in the course of his employment when he hit the plaintiff's vehicle and that Hossain was employed by "Big Apple Limousine." It also appears that on August 9, 2004 the plaintiff may have served Hossain with an additional discovery notice seeking, inter alia, the name and address of Hossain's employer as well as copies of his W-2 forms.

By stipulation dated May 26, 2004, the plaintiff and Hossain stipulated that the plaintiff could serve and file a supplemental summons and amended complaint adding six additional defendants. The supplemental summons and amended complaint adding those six defendants, together with an executed copy of the stipulation, was filed in the office of the County Clerk of Queens County on June 1, 2004. The additional defendants named in the supplemental summons and complaint included, inter alia, Big Apple New York Limo, "John Doe Corporation," as the employer of Hossain, and "John Doe," as the employer of Hossain. The plaintiff subsequently received two 120-day extensions of his time to serve those defendants, the second by order dated November 15, 2004.

At Hossain's deposition on December 29, 2004, almost seven months after the statute of limitations applicable to this accident had expired, the plaintiff learned that Hossain's employ-

ers were allegedly Big Apple Car, Inc. (hereinafter Apple), and Cloverdale Car, Inc. (hereinafter Cloverdale).

On January 26, 2005 and January 27, 2005, respectively, the plaintiff served Apple and Cloverdale by personal delivery of the supplemental summons and amended complaint at their actual place of business in Queens. The plaintiff made a second, additional service upon Apple and Cloverdale by serving them pursuant to Business Corporation Law § 306 (b) by delivery of the supplemental summons and amended complaint to the Secretary of State.

The plaintiff subsequently moved pursuant to CPLR 305 (c) to amend the caption to correctly name Apple as a defendant in place of named defendant Big Apple New York Limo, and to substitute Cloverdale for John Doe Corporation under CPLR 1024. Alternatively, the plaintiff sought to allow both to be included as defendants on the basis that they were parties united in interest with Hossain under CPLR 203 (c).

The Supreme Court granted the motion to the extent of allowing the amendments as requested, under CPLR 305 (c) and 1024, respectively. It did not reach the issue of the propriety of allowing the inclusion of Apple and Cloverdale as defendants under CPLR 203 (c) and also denied the plaintiff's request for a default judgment against Cloverdale without prejudice to renewal.

Contrary to the Supreme Court's determination, the plaintiff failed to meet his burden of showing diligent efforts to determine the identity of Hossain's employer, as is required to avail himself of the provisions of CPLR 1024. The plaintiff failed to promptly seek further discovery, or to at least apply to the Supreme Court for assistance after receiving a patently inadequate response to his barely minimally sufficient discovery requests, which response was received only a short time prior to the expiration of the applicable statute of limitations (see Hall v Rao, 26 AD3d 694 [2006]; Porter v Kingsbrook OB/GYN Assoc., 209 AD2d 497 [1994]; cf. Redmond v Jamaica Hosp. Med. Ctr., 29 AD3d 768 [2006]).

Contrary to Apple's contention, the Supreme Court properly permitted the plaintiff to amend the complaint so as to substitute it for the named defendant (see Kingalarm Distribs. v Video Insights Corp., 274 AD2d 416 [2000]; cf. Maldonado v Maryland Rail Commuter Serv. Admin., 91 NY2d 467 [1998]; Ross v Lan Chile Airlines, 14 AD3d 602 [2005]).

The plaintiff's contention as to the applicability of CPLR 203 (c) is without merit as to Cloverdale (see Buran v Coupal, 87 NY2d 173, 180 [1995]; see also Tucker v Lorieo, 291 AD2d 261 [2002]) and has been rendered academic with respect to Apple.

The plaintiff's remaining contention with respect to Cloverdale is improperly raised for the first time on appeal. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.