■ LORETTA TEMPLE, Respondent, v NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, Defendant, and TRANSCARE NEW YORK, INC., Doing Business as METROCARE, et al., Appellants. [933 NYS2d 321]—

The plaintiff allegedly sustained personal injuries on March 12, 2004, in the course of being transported by ambulance to the defendant New York Community Hospital of Brooklyn (hereinafter the Hospital). More specifically, the plaintiff alleges that the emergency medical technician (hereinafter EMT) who responded to a call yelled at her and grabbed her by the upper arms, "jerking and squeezing her violently, causing [her] severe

lacerations and bruises." Without conducting any pre-action discovery to ascertain the name of the EMT or his employer, the plaintiff commenced the instant action by filing a summons and complaint on June 7, 2005, naming as defendants the Hospital, John Doe, and the City of New York. The plaintiff served discovery notices in April 2006; however, it was not until March 2009 that the plaintiff learned the identity of the EMT.

By motion dated May 11, 2009, approximately 15 months after the expiration of the statute of limitations (*see* CPLR 214 [5]) and almost five years after the commencement of the instant action, the plaintiff moved pursuant to CPLR 3025 (b) for leave to amend her summons and complaint to name Alexandr Ilyukin and Transcare New York, Inc., doing business as Metrocare (hereinafter Transcare/Metrocare) (hereinafter together the appellants), in place of John Doe. The motion was not served on the to-be-named parties, and the Supreme Court, in an order dated April 6, 2010, inter alia, granted the plaintiff's unopposed motion for leave to amend her summons and complaint. The plaintiff filed her supplemental summons and amended complaint on May 28, 2010, and thereafter served her amended pleading on the appellants. By motion dated August 2, 2010, the appellants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) and (8). In the order appealed from, the Supreme Court denied the appellants' motion. We reverse.

The Supreme Court erred in applying the "John Doe" designation authorized by CPLR 1024 and the relation-back doctrine of CPLR 203 (c) to bar application of the statute of limitations. To make use of the "John Doe" procedure delineated in CPLR 1024, parties must demonstrate that they have exercised "due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so . . . Any failure to exercise due diligence to ascertain the '[John] Doe's' name subjects the complaint to dismissal as to that party" (*Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 29-30 [2009]). Likewise, a party seeking to apply the relation-back doctrine to a later-identified "John Doe" defendant, must establish that it made diligent efforts "to ascertain the unknown party's identity prior to the expiration of the statute of limitations" (*id.* at 35).

Here, the plaintiff failed to exercise due diligence to discover the identity of the John Doe defendants prior to the expiration of the statute of limitations (*see Comice v Justin's Rest.*, 78 AD3d 641, 642 [2010]; *Bumpus v New York City Tr. Auth.*, 66 AD3d at 29-30; *Misa v Hossain*, 42 AD3d 484, 486 [2007]; *see*

*also Karagiannis v North Shore Long Is. Jewish Health Sys., Inc.*, 80 AD3d 569, 569 [2011]). There is no indication in the record that the plaintiff engaged in any pre-action discovery or Freedom of Information Law (Public Officers Law art 6) requests. Further, while some limited discovery demands were served prior to the expiration of the statute of limitations, when the responses received were less than adequate, the plaintiff failed to promptly seek further discovery, neglected to submit a properly executed authorization to the disclosing party, and failed to properly and promptly seek assistance from the Supreme Court (*see Misa v Hossain*, 42 AD3d at 486). Accordingly, neither CPLR 1024 nor the relation-back doctrine of CPLR 203 (c) barred application of the statute of limitations, and the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against them as barred by the statute of limitations.

The plaintiff's remaining contention has been rendered academic in light of our determination. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.