RAHIYM HOLMES et al., Appellants, v CITY OF NEW YORK et al., Respondents. [18 NYS3d 676]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Landicino, J.), dated July 25, 2013, which denied their motion pursuant to CPLR 1024 and 3025 (b) for

leave to amend the complaint to substitute Officer "John" Napolitano (first name being unknown and fictitious), Officer Craig Smith, and Officer Anthony Bagarozza as party defendants in place of John Doe #1, John Doe #2, and John Doe #3, respectively.

Ordered that the order is affirmed, with costs.

On July 11, 2010, the injured plaintiff allegedly sustained severe injuries after he was "clothesline" tackled by a New York City Police Department (hereinafter NYPD) officer and arrested. On June 14, 2011, the injured plaintiff, and his mother suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against, among others, NYPD employees John Doe #1, John Doe #2, and John Doe #3. On or about August 10, 2011, the plaintiffs amended the summons and complaint to identify John Doe #1 as the officer who performed the clothesline tackle of the injured plaintiff.

In connection with the injured plaintiff's arrest and related criminal prosecution, the People proceeded to trial against him only on one charge of disorderly conduct. The injured plaintiff's criminal trial took place on November 23, 2011, in the Criminal Court of the City of New York, Kings County, and he was found not guilty. The plaintiffs assert that they first learned the names of the individual officers involved in the injured plaintiff's arrest at the criminal trial. Although the one-year-and-90-day statute of limitations applicable to the individual officers expired on October 9, 2011 (see General Municipal Law § 50-i), on June 7, 2012, the plaintiffs moved pursuant to CPLR 1024 and 3025 (b) for leave to amend the complaint to substitute Officer "John" Napolitano (first name being unknown and fictitious), Officer Craig Smith, and Officer Anthony Bagarozza as party defendants in place of John Doe #1, John Doe #2, and John Doe #3, respectively. The Supreme Court denied the motion, and we affirm.

In order to employ the procedural "Jane Doe" or "John Doe" mechanism made available by CPLR 1024, a plaintiff must show that he or she made timely efforts to identify the correct party before the statute of limitations expired (see Comice v Justin's Rest., 78 AD3d 641, 642 [2010]; Bumpus v New York City Tr. Auth., 66 AD3d 26, 29-30 [2009]; Hall v Rao, 26 AD3d 694, 695 [2006]). "[W]hen an originally-named defendant and an unknown 'Jane Doe' [or 'John Doe'] party are united in interest, i.e. employer and employee, the later-identified party may, in some instances, be added to the suit after the statute of limitations has expired pursuant to the 'relation-back' doctrine of CPLR 203 (f), based upon postlimitations disclosure of the un-

known party's identity" (*Bumpus v New York City Tr. Auth.*, 66 AD3d at 34-35). The moving party seeking to apply the relation-back doctrine to a later-identified "Jane Doe" or "John Doe" defendant has the burden, inter alia, of establishing that diligent efforts were made to ascertain the unknown party's identity prior to the expiration of the statute of limitations (*see id.* at 35; *Hall v Rao*, 26 AD3d at 695).

Here, the plaintiffs failed to establish that they exercised due diligence to discover the identity of the John Doe defendants prior to the expiration of the statute of limitations. There is no indication in the record that the plaintiffs engaged in any pre-action disclosure or made any Freedom of Information Law requests (*see* CPLR 3102 [c]; Public Officers Law art 6; *Temple v New York Community Hosp. of Brooklyn*, 89 AD3d 926, 928 [2011]; *Bumpus v New York City Tr. Auth.*, 66 AD3d at 33). Moreover, there is no indication that the plaintiffs sought assistance from either the Criminal Court or the Supreme Court to learn the identities of the individual officers before the statute of limitations had run (*see Temple v New York Community Hosp. of Brooklyn*, 89 AD3d at 928; *Misa v Hossain*, 42 AD3d 484, 486 [2007]). Although the plaintiffs maintain that, due to a pending investigation by the NYPD's Internal Affairs Bureau, they did not learn the identities of the subject officers until the injured plaintiff's criminal trial, the plaintiffs' submissions failed to show that they diligently sought to gain access to the records contained in the file for the criminal proceeding prior to the expiration of the statute of limitations.

Under these circumstances, the Supreme Court properly denied the plaintiffs' motion. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.