17-1185-cv
Barrett v. City of Newburgh

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         REENA RAGGI,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Virginia D. Barrett,
         Plaintiff-Appellant,

         -v.-                                17-1185-cv

City of Newburgh, Joseph Burns, Robert
Vasta,
         Defendants-Appellees,

John Doe,
         Defendant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Michael H. Sussman, Sussman &
                        Associates, Goshen, New York.

FOR APPELLEES:          David L. Posner, McCabe & Mack
                        LLP, Poughkeepsie, New York

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Virginia Barrett appeals from the judgment of the United States District Court for the Southern District of New York dismissing her excessive force claims against two police officers and her Monell claim against the City of Newburgh ("Newburgh").  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Barrett brought a 42 U.S.C. § 1983 claim against several John Doe officers alleging they used excessive force while handcuffing her during a search of her boyfriend's apartment on October 12, 2012, and alleging that Newburgh violated Barrett's substantive due process rights under the Fourteenth Amendment by failing to train, supervise, and discipline its officers to conduct proper arrests.  See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658 (1978).

In a pre-motion letter, Barrett's counsel conceded that he had "inadvertently" pled a Fourteenth Amendment violation rather than the proper Fourth Amendment violation, and requested leave to submit an Amended Complaint correcting the error.  The district court granted the request, but the First Amended Complaint ("FAC") retained the Fourteenth Amendment as the principal basis for the City's liability under Monell.  J. App'x at 26. The court subsequently dismissed Barrett's claims against Newburgh in March 2014, ruling that Barrett failed to state a claim because the Fourth Amendment is the only source of constitutional right to be free from excessive force in an arrest or seizure.  See Graham v. Connor, 490 U.S. 386, 395 (1989); 42 U.S.C. § 1983.

After the district court dismissed her claims against Newburgh, Barrett attempted to identify the two John Doe officers referenced in the FAC.  She was unsuccessful until November 2015, when she received a copy of a police report

2

that specified officers Joseph Burns and Robert Vasta. Barrett's Second Amended Complaint ("SAC"), filed on December 18, 2015, and replaced the John Does with the names of the officers.  The officer defendants entered an appearance and moved to dismiss the SAC on the basis that the three-year statute of limitations had expired on October 12, 2015.  The district court ruled that Barrett could not relate back the amendments to her complaint to add the names of the officers and granted the second motion to dismiss.

We review de novo the grant of a motion to dismiss. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  We address the dismissal of the FAC's Monell claim and the SAC's excessive force claim in turn.

**1.**  "In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by its employees, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."  Powell v. Gardner, 891 F.2d 1039, 1045 (2d Cir. 1989).  A properly pled Monell claim establishes a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  City of Canton v. Harris, 489 U.S. 378, 385 (1989).

A "failure to train ... employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact."  Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007).  However, "Monell does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."  Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original).  Barrett's Monell claim alleging a failure by the city to train and supervise its force can survive only as an extension of her underlying excessive force action against the police officers.

3

Under Graham v. Connor, "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." 490 U.S. at 395 (emphasis in original). Because Barrett's excessive force claim "fits comfortably under the coverage of the Fourth Amendment," Barrett cannot proceed under substantive due process doctrine. Russo v. City of Bridgeport, 479 F.3d 196, 208-09 (2d Cir. 2007). The district court properly dismissed the complaint for failure to state a claim upon which relief can be granted.

The district court also denied leave to amend, a decision we review for abuse of discretion. Because Barrett was already given leave to amend with the express purpose of stating a claim under the Fourth Amendment and failed to do so, we find no abuse of discretion in the district court's denial of a third chance. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).

**2.** Relation back permits an amended pleading to be considered for statute of limitations purposes as though it were filed on the date of the original complaint. See Fed. R. Civ. P. 15(c). John Doe substitutions in a Section 1983 action "may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met." Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993). Barrett's December 2015 amendments to claims arising out of an October 2012 incident would ordinarily be time barred by New York's three-year statute of limitations for deprivation of civil rights actions. N.Y. C.P.L.R. § 214. Barrett contends that her second amended complaint relates back because she meets the specifications of Rule 15(c)(1) subsections (A) and (C). See Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013).

As the district court concluded, Barrett failed to satisfy Rule 15(c)(1)(C). "[L]ack of knowledge of a John Doe defendant's name does not constitute a mistake of identity." Doe v. New York, 97 F. Supp. 3d 5, 18 (E.D.N.Y. 2015) (citing Hogan, 738 F.3d at 518). Since Barrett contends that she was unaware of Vasta and Burns' names

4

until she filed her second amended complaint, she cannot argue that failing to identify them was a "mistake" within the meaning of Rule 15(c)(1)(C).

An amendment that fails under Rule 15(c)(1)(C) may nevertheless relate back under subsection (A) when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Since Section 1983 "derives its statute of limitations from state law," we look to section 1024 of the New York Civil Practice Law and Rules ("CPLR"). Hogan, 738 F.3d at 518-19 (establishing that Rule 15(c)(1)(A) and CPLR 1024 provide the proper instruction for Section 1983 claims against John Doe defendants). A plaintiff "who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party" may proceed against that party by designating a fictitious name (a "John Doe") until they become aware of that party's identity. N.Y. C.P.L.R. § 1024.

In order to take advantage of CPLR 1024, a plaintiff who has substituted a named party for a "John Doe" must: (1) "'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name;'" and (2) "describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" Hogan, 738 F.3d at 519 (quoting Bumpus v. N.Y.C. Transit Auth., 883 N.Y.S.2d 99, 104, 66 A.D.3d 26 (2d Dept. 2009)).

Section 1024's "due diligence" requirement is not forgiving. The onus of identifying an officer defendant's name, or at least making a good faith effort, lies on the plaintiff. Id. at 518-19. Due diligence is not exercised by "last minute" or token discovery requests. See, e.g., Doe v. New York, 97 F. Supp. 3d at 19; JCG v. Ercole, 2014 WL 1630815, at *14 (S.D.N.Y. Apr. 24, 2014); Temple v. N.Y. Cmty. Hosp. of Brooklyn, 89 A.D.3d 926, 927-28 (2d Dept. 2011). A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendants' identity, for example by submitting multiple discovery demands, requests under state or federal Freedom of Information laws, or requests to the Attorney General's office. See Mabry v. N.Y.C. Dep't of Corr., No. 05 Civ.

5

8133(JSR)(JCF), 2008 WL 619003, at *6 (S.D.N.Y. Mar. 7, 2008)(allowing relation back where plaintiff "aggressively sought the identities of the defendants"); see also Hogan, 738 F.3d at 513, 519 (finding due diligence requirement met on the basis of discovery requests); Ceara v. Deacon, 68 F. Supp. 3d 402, 412 (S.D.N.Y. 2014) (finding due diligence requirement met where a pro se plaintiff's efforts included pursuing the inspector general and the Attorney General, and regularly notifying the Court of these efforts).

Barrett alleges that she was diligent, but the district court found otherwise.  Although Barrett's case against the city was dismissed in March 2014, it was a year later, in March 2015, that she filed formal discovery demands on the city's counsel and requested police reports concerning her injuries directly from the city.  Receiving no response, Barrett contacted the city's counsel again regarding discovery of the officer's names in July 2015.  When the city and its outside counsel refused to provide the names of the officers, she issued asubpoena duces tecum on the Chief of Police roughly six weeks before the expiration of her claims.  Months later, Barrett was provided a copy of the police report that allowed her to identify the officers.  At no time did Barrett update the court on the progress of her search for the identity of the John Doe officers.

The district court concluded that these efforts failed to satisfy the due diligence requirement of Section 1024.  While at the motion to dismiss stage we review the district court's legal conclusions *de novo*, the due diligence determination is a question of fact that we may review for clear error.  See Rivas v. Fischer, 687 F.3d 514, 534-35 (2d Cir. 2012).  "When reviewing for clear error, we may reverse only if we are left with the definite and firm conviction that a mistake has been committed ... and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  United States v. Berschansky, 788 F.3d 102, 110 (2d Cir. 2015) (internal citations and quotation marks omitted).

Whether Barrett's efforts satisfy the due diligence requirement of § 1024 is a close question on which

6

reasonable fact-finders could disagree.  On the one hand, Barrett stresses that in the nine months before the statute of limitations had run she pursued at least three avenues to identify the officers.  She therefore exceeded the efforts expended in instances in which due diligence was found to be clearly inadequate.  See, e.g., Williams v. United States, No. 07 Civ. 3018(RJS)(THK), at *13 (noting plaintiff "appears to have expended no efforts at all to identify the Individual Defendants"); Ceara v. Deacon, 2017 WL 363003, at *11 (S.D.N.Y. Jan. 23, 2017) (collecting cases where the plaintiff could not document any concrete efforts to seek information); Doe v. New York, 97 F. Supp. 3d at 20 (due diligence not exercised when plaintiff had names available in medical records but asserted he was "unable to read" them and did not reach out to the court for assistance).

However, for reasons not clear to the Court, Barrett waited more than two years after the events took place to begin to inquire into the names of the defendant Does. Even if Barrett's counsel was abiding by the district court's discovery procedures during the pendency of Newburgh's motion to dismiss, the first efforts to uncover the names of the officers did not occur until nearly a year after the dismissal of the FAC.

A defendant's "recalcitrance" in responding to discovery requests is not a shield from liability.  See Duncan v. City of New York, No. 11-CV-3901 (ENV)(JO), 2014 WL 3530858, at *2 (E.D.N.Y. July 15, 2014) (plaintiff who made "extensive efforts over many months" satisfied diligence requirement despite served parties non-compliance); Hogan, 738 F.3d at 519 (holding plaintiff satisfied diligence requirement after he "diligently sought to identify the John Doe defendants" and the "named defendants ... failed to respond fully to Hogan's requests").  The city's attorney likely knew the names of the officers and should not have ignored Barrett's requests for six months.  At the same time, Barrett's delay was not explained, and her discovery requests and subpoena were not proper; more importantly, she did not protest to the court until after the limitations period ran, and never filed a formal FOIA request with the city.  Cf. Temple, 89 A.D.3d at 927-28.

7

We therefore cannot conclude that the district court was clearly erroneous in finding that Barrett failed to exercise due diligence pursuant to § 1024.  See Rivas, 687 F.3d at 534-35.  While it would be possible to reach a different outcome, "where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  United States v. Murphy, 703 F.3d 182, 188 (2d Cir. 2012).  Since Barrett did not satisfy the requirements for relation back under § 1024 and Rule 15(c)(1)(A), her claim is barred by the three-year statute of limitations.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK OF COURT

8