Estate of Eric Stengel v Good Samaritan Hosp. (2023 NY Slip Op 01663)

Estate of Eric Stengel v Good Samaritan Hosp.

2023 NY Slip Op 01663

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-06913
 (Index No. 21106/14)

[*1]Estate of Eric Stengel, etc., appellant, 
v
Good Samaritan Hospital, et al., defendants, Alan Mechanic, etc., respondent.

Joseph A. Hanshe P.C., Sayville, NY, for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated September 2, 2020. The order denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to name Donald Krieff as a defendant or, in the alternative, pursuant to CPLR 1003 to add Donald Krieff as a defendant.
ORDERED that the order is affirmed, with costs.
On October 26, 2012, Eric Stengel (hereinafter the decedent) was brought to the emergency room at the defendant Good Samaritan Hospital (hereinafter the hospital) after falling at home. On the next day, the decedent was discharged from the hospital. The decedent died on November 3, 2012, from complications related to his fall that occurred on October 26, 2012.
On October 24, 2014, the plaintiff, the decedent's estate, commenced this action to recover damages for medical malpractice and wrongful death against the hospital, two doctors who allegedly treated the decedent, and John Doe, "name ficticious [sic], meant to be person [w]ho [o]rdered discharge of patient from hospital." The statute of limitations for the wrongful death cause of action expired on November 3, 2014 (see EPTL 5-4.1[1]), and the statute of limitations for the medical malpractice cause of action expired on or about April 27, 2015 (see CPLR 214-a). In June 2020, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to name Donald Krieff as a defendant or, in the alternative, pursuant to CPLR 1003 to add Krieff as a defendant. The Supreme Court denied the motion, and the plaintiff appeals.
"The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033-1034 [internal quotations marks omitted]; see Buran v Coupal, 87 NY2d 173, 178). "The moving party [*2]seeking to apply the relation-back doctrine to a later-identified 'Jane Doe' or 'John Doe' defendant has the burden, inter alia, of establishing that diligent efforts were made to ascertain the unknown party's identity prior to the expiration of the statute of limitations" (Holmes v City of New York, 132 AD3d 952, 954; see Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 927).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff leave to amend the complaint to name Krieff as a defendant in place of John Doe since the plaintiff did not exercise due diligence in identifying Krieff before the expiration of the statute of limitations (see Walker v Hormann Flexon, LLC, 153 AD3d 997, 998; Holmes v City of New York, 132 AD3d at 954; Temple v New York Community Hosp. of Brooklyn, 89 AD3d at 927-928; Hall v Rao, 26 AD3d 694, 695).
The Supreme Court also properly denied the plaintiff leave to add Krieff as a defendant pursuant to CPLR 1003 since the plaintiff's failure to name Krieff as a defendant was not the result of a mistake or an inability to identify the correct defendant within the applicable limitations period (see Fasce v Smithem, 188 AD3d 1542, 1544; Sally v Keyspan Energy Corp., 106 AD3d 894, 897; Contos v Mahoney, 36 AD3d 646, 647).
To the extent that the plaintiff is requesting that the service period be extended under CPLR 306-b, we decline to consider that request, as it is improperly raised for first time on appeal (see JPMorgan Chase Bank N.A. v Kelleher, 188 AD3d 1484, 1485 n 1, affd 37 NY3d 1038; Matter of Foley v Masiello, 38 AD3d 1201, 1202).
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court