DeMarzo v Cuba Hill Elementary Sch. (2023 NY Slip Op 05389)

DeMarzo v Cuba Hill Elementary Sch.

2023 NY Slip Op 05389

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-00228

[*1]Christopher DeMarzo, respondent,
v
Cuba Hill Elementary School, et al., defendants, Susan Alleman, appellant. (Suffolk County Index No. 615018/21)

Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Merril S. Biscone, and Frank Raia of counsel), for appellant.
Merson Law, PLLC (Hasapidis Law Offices, New York, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault, battery, intentional infliction of emotional distress, and negligence, the defendant Susan Alleman appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated December 21, 2021. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed, with costs.
On August 5, 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants, Cuba Hill Elementary School, James H. Boyd Intermediate School, and Elwood Union Free School District, and the defendant "Doe Alleman." The purpose of the Child Victims Act is to "open the doors of justice to the thousands of survivors of child sexual abuse in New York State," but the act originally allowed only a one-year window in which to commence an action (Senate Introducer's Mem in Support, 2019 NY Legis Ann at 15). The Legislature subsequently extended the window to two years (see L 2020, ch 130, § 1; S.H. v Diocese of Brooklyn, 205 AD3d 180, 185 n).
The complaint sets forth causes of action to recover damages resulting from alleged acts of sexual abuse committed against the plaintiff when he was approximately 10 to 12 years old while attending Cuba Hill Elementary School. The acts of sexual abuse were alleged to have been committed by "Doe" Alleman starting in 1975, when she was the plaintiff's gymnastics teacher at the elementary school. On September 10, 2021, the plaintiff filed an amended complaint substituting Susan Alleman as a party defendant in place of Doe Alleman. Alleman was personally served with the amended complaint on September 27, 2021, well within 120 days of the commencement of the action.
Alleman subsequently moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her as time-barred, contending, among other things, [*2]that the amended complaint was filed nearly four weeks after the expiration of the revival window set forth in CPLR 214-g, and that CPLR 1024 was inapplicable here because the plaintiff had failed to exercise due diligence to discover her identity prior to the expiration of the statute of limitations. The plaintiff, in opposition, noted that Alleman's identity was disclosed in the original summons and complaint prior to the expiration of the statute of limitations—all that was missing was her first name. The plaintiff further noted that, prior to the expiration of the statute of limitations, he exercised due diligence to discover Alleman's full name via online searches through Google, online yearbooks, Lexis Public Records, the New York State teacher license database, and the White Pages. In reply, Alleman argued that the description of those efforts exercised failed to provide sufficient detail as to "time spent, websites searched, efforts made." By order dated December 21, 2021, the Supreme Court denied Alleman's motion. Alleman appeals.
The description of Alleman in the original complaint was sufficient to identify her as the intended defendant (see LeBlanc v Skinner, 103 AD3d 202, 208; Rogers v Dunkirk Aviation Slaes & Serv., 31 AD3d 1119, 1120; cf. Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1165). In LeBlanc v Skinner (103 AD3d at 208), this Court determined that an original complaint identifying "John Doe 'wawayandafirst'" as the defendant was sufficient to identify the defendant Wayne Skinner and to apprise him that he was the intended defendant, and that "the action was timely commenced against him upon the filing of the summons and complaint." In this regard, it was noted that Skinner was the individual responsible for issuing the Waywayandafirst blog posts that were at issue in that defamation case. Critically, this Court did not address the plaintiff's efforts to discover the proper name of "John Doe 'wawayandafirst'" prior to the expiration of the statute of limitations, implying that such scrutiny was unnecessary given that the complaint sufficiently apprised Skinner that he was the intended defendant. Similarly, in the instant case, the original complaint was sufficient to have apprised Alleman that she was an intended defendant.
Contrary to the contention of our dissenting colleagues, the fact that Alleman's identity was disclosed in the original summons and complaint was cited in support of the plaintiff's argument in opposition to Alleman's motion. If it had been deemed necessary, her first name "Susan" could have been added pursuant to CPLR 305(c), without reference to a due diligence requirement (see Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc. v Klestoff, 191 AD3d 1012; New Found., LLC v Ademi, 140 AD3d 1038; Holster v Ross, 45 AD3d 640). The applicability of CPLR 1024 was raised by Alleman in her motion to dismiss because she "anticipated" that the plaintiff would rely upon it.
"Under New York's commencement-by-filing system, 'a claim asserted against unknown parties pursuant to CPLR 1024 is deemed to be interposed for Statute of Limitations purposes when the "John Doe" summons with notice is filed with the clerk of the court'" (Moran v County of Suffolk, 189 AD3d 1219, 1220, quoting Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d 249, 254; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 30-31). Here, even assuming that the plaintiff was required to demonstrate due diligence, contrary to Alleman's contention, the plaintiff demonstrated that, prior to the commencement of the action and therefore prior to the expiration of the statute of limitations, he exercised due diligence to discover Alleman's full name through online searches (see Rogers v Dunkirk Aviation Sales & Serv., Inc., 31 AD3d at 1120; Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d at 253). The plaintiff specified that those online searches included searches through Google, online yearbooks, Lexis Public Records, the New York State teacher license database, and the White Pages.
In her reply papers, Alleman raised a new argument that the plaintiff's efforts—although they occurred prior to the expiration of the statute of limitations—were insufficient because minimal detail was provided. Since that argument was raised for the first time in the reply papers, the plaintiff had no opportunity to respond to them. Moreover, it is clear from this record that Alleman, who was served within 120 days of the timely commencement of the action, suffered no prejudice, and additional efforts to ascertain her first name prior to the commencement of the action would have had no practical effect on the course of the action.
Accordingly, the Supreme Court properly denied Alleman's motion pursuant to CPLR [*3]3211(a) to dismiss the amended complaint insofar as asserted against her as time-barred.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., WARHIT and VOUTSINAS, JJ., concur.
BRATHWAITE NELSON, J., dissents, and votes to reverse the order insofar as appealed from, on the law, and to grant the motion of the defendant Susan Alleman to dismiss the amended complaint insofar as asserted against her as time-barred, with the following memorandum, in which DOWLING, J., concurs:
It is undisputed that the amended complaint, which was amended to name Susan Alleman as a defendant, was filed approximately four weeks after the statute of limitations had expired. In opposing Alleman's motion to dismiss the amended complaint insofar as asserted against her on the ground that the statute of limitations had expired, the plaintiff relied upon application of CPLR 1024, or, alternatively, the relation-back doctrine. On this record, the plaintiff failed to demonstrate that he made diligent efforts to ascertain Alleman's true name prior to the expiration of the statute of limitations, and, therefore, he could not utilize CPLR 1024. Further, for that same reason and because Alleman is not united in interest with the other defendants, the plaintiff cannot rely upon the relation-back doctrine. Under these circumstances, the Supreme Court should have granted Alleman's motion to dismiss the amended complaint insofar as asserted against her. Accordingly, I respectfully dissent.
CPLR 1024 enables a plaintiff "who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party," to commence an action against such a person as an unknown party by designating so much of the name and identity as is known. In order to utilize this procedural mechanism, the plaintiff must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name[,] and, despite such efforts, [have been] unable to do so" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 29-30; see Holmes v City of New York, 132 AD3d 952, 953-954; Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 927). In addition, separate and apart from the due diligence requirement, "[a] second requirement unique to CPLR 1024 is that the 'Jane Doe' party be described in such form as will fairly apprise the party that she is the intended defendant. An insufficient description subjects the 'Jane Doe' complaint to dismissal for being jurisdictionally defective" (Bumpus v New York City Tr. Auth., 66 AD3d at 30 [citations omitted]; see Thas v Dayrich Trading, Inc., 78 AD3d 1163).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Cadlerock Joint Venture, L.P. v Trombley, 189 AD3d 1157, 1158). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Here, the statute of limitations on the plaintiff's causes of action, which are asserted under the Child Victims Act, expired on August 14, 2021 (see CPLR 214-g). The amended complaint was filed approximately four weeks later, on September 10, 2021. In support of her motion to dismiss the amended complaint insofar as asserted against her, Alleman established that the time in which to commence the action had expired when the amended complaint was filed. Anticipating the arguments in opposition to her motion, Alleman preemptively argued, among other things, that the plaintiff could not rely upon CPLR 1024 because he had failed to exercise due diligence prior to the expiration of the statute of limitations. In opposition to the motion, the plaintiff argued that the amended complaint was timely pursuant to CPLR 1024. He asserted that his ability to identify Alleman was limited because he did not know Alleman's first name, but that diligent efforts were made to ascertain her identity prior to the expiration of the statute of limitations, "through Google, online yearbooks, Lexis Public Records, New York State's teacher license [*4]database, and the White Pages." The plaintiff further argued that the description of the defendant in the complaint, which was timely filed, was sufficient to apprise Alleman that she was the intended defendant. The plaintiff alternatively contended that the action was timely commenced against Alleman by application of the relation-back doctrine, since the action had been timely commenced against the other defendants. In reply, Alleman argued, among other things, that the plaintiff failed to provide sufficient detail about the purported online search that was made, "in terms of time spent, websites searched, efforts made, etc."
In the order appealed from, the Supreme Court determined that the plaintiff was entitled to amend the complaint under CPLR 1024, and, thus, the action was timely asserted against Alleman. In light of its determination to apply CPLR 1024, the court did not reach the question of whether the relation-back doctrine applied.
On appeal, Alleman contends that the plaintiff failed to meet his burden of establishing that the action was timely commenced against her. Specifically, she argues that the plaintiff was not entitled to the benefit of CPLR 1024 because he failed to satisfy the due diligence requirement, and that the relation-back doctrine does not apply to the circumstances of this case. Notably, Alleman does not raise the separate argument to the applicability of CPLR 1024 that the "Jane Doe" described in the complaint was insufficient to fairly apprise her that she was the intended defendant. The majority's suggestion that the due diligence requirement can be dispensed with when the complaint contains a sufficient description of the "Jane Doe" so as to fairly apprise the party that she is the intended defendant is plainly at odds with established case law finding that they are distinct and dual requirements to utilizing the statute (see Bumpus v New York City Tr. Auth., 66 AD3d at 30). The majority finds support for its contention in this Court's determination in LeBlanc v Skinner (103 AD3d 202, 208) and the lack of discussion of due diligence therein. Nothing in this Court's decision and order in LeBlanc suggests that the issue of due diligence was before the Court, and a review of the parties' briefs demonstrates that it was not. The suggestion that our case law requiring a plaintiff to exercise due diligence before resorting to CPLR 1024 has been overruled by implication in an appeal that did not address the issue is contrary to the fundamental way in which case law is established.
In addition, the majority's speculation that the plaintiff could have sought to amend the complaint pursuant to CPLR 305(c), which facially pertains to a summons, not a complaint, is not relevant to any issue raised by the parties. In opposing Alleman's motion, the plaintiff relied only on CPLR 1024 and the relation-back doctrine, and did not contend, as does the majority, that the due diligence requirement could be avoided. Nor does the plaintiff make this argument on appeal. As appellate courts "are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519), there is no occasion to consider the majority's hypothesis concerning CPLR 305(c).
Contrary to the plaintiff's contention, Alleman's arguments concerning the lack of due diligence plainly were raised and decided by the Supreme Court, were not waived, and are properly before this Court. Further, the majority suggests that Alleman improperly raised the new argument in reply that the plaintiff's efforts to discover her identity prior to the expiration of the statute of limitations were insufficient. This argument, however, was responsive to the plaintiff's assertion in opposition that he had made diligent efforts. It was the plaintiff's burden to establish that he exercised due diligence prior to the expiration of the statute of limitations. Thus, Alleman's arguments in reply were properly responsive to the opposition.
Turning to the issues raised by the parties, the plaintiff failed to establish due diligence in his attempts to ascertain Alleman's first name prior to the expiration of the statute of limitations. Counsel's affirmation is devoid of any facts concerning the search terms used in the purported Google search, the particular title of the teacher license database that purportedly was searched, the school names and the years for the purported online yearbooks, and included only a general reference to the White Pages and Lexis public records, with no indication as to what efforts were made. The reference to a vague internet search with no details as to the specific efforts [*5]employed was insufficient to establish due diligence in the plaintiff's attempts to identify the correct party (see Wilmington Trust, N.A. v Shasho, 197 AD3d 534, 536; Holmes v City of New York, 132 AD3d at 954; Temple v New York Community Hosp. of Brooklyn, 89 AD3d at 927-928; Comice v Justin's Rest., 78 AD3d 641, 642; Misa v Hossain, 42 AD3d 484, 486; Scoma v Doe, 2 AD3d 432, 433). I agree with my colleagues in the majority that the plaintiff was not required to demonstrate that he pursued every avenue to identify Alleman, but our case law requires that he demonstrate due diligence, and this burden simply is not met by alluding to a vague internet search without additional details of the search taken. While the majority alludes to purported time constraints, seemingly referring to the fact that this action was commenced less than two weeks prior to the expiration of the statute of limitations, the plaintiff has neither offered an explanation as to why he waited so long to commence the action nor indicated that he was somehow precluded from commencing the action in advance of the expiration of the statute of limitations (see Walker v Glaxosmithkline, LLC, 161 AD3d 1419, 1421; Walker v Hormann Flexon, LLC, 153 AD3d 997, 998). Accordingly, the plaintiff was not entitled to utilize the procedural mechanism of CPLR 1024.
Since the plaintiff failed to establish that diligent efforts were made to ascertain Alleman's identity prior to the expiration of the statute of limitations, he likewise could not rely upon the relation-back doctrine (see Holmes v City of New York, 132 AD3d at 954; Temple v New York Community Hosp. of Brooklyn, 89 AD3d at 927; Bumpus v New York City Tr. Auth., 66 AD3d at 35). Furthermore, the plaintiff failed to demonstrate that the relation-back doctrine applied, inasmuch as the plaintiff failed to demonstrate that Alleman was united in interest with the other defendants (see Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1026; Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800; see generally R. v R., 37 AD3d 577, 578).
Accordingly, I would reverse the order and grant Alleman's motion to dismiss the amended complaint insofar as asserted against her as time-barred.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court