| |
|:---:|
| **Hibbert v City of New York** |
| 2024 NY Slip Op 34147(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155765/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** | **05M** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

DURRELL HIBBERT,

                              Plaintiff,

                      - v -

CITY OF NEW YORK, CORRECTION OFFICER(S)
JOHN/JANE DOE(S) (CORRECTION OFFICERS WHOSE
IDENTITY IS PRESENTLY UNKNOWN)

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155765/2019 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to                               AMEND           .

Plaintiff Durrell Hibbert's ("Plaintiff") motion to amend the summons and complaint pursuant to CPLR §§ 1024, 3025(b), and 305(c) to substitute the names of the "John/Jane Doe" defendants with the true identities of certain corrections officers, or alternatively to add these individuals as new defendants, is denied. For the reasons set forth below, the court finds that Plaintiff has failed to meet the legal standards for amending a pleading under the CPLR, and his claims against the proposed defendants are time-barred.

## BACKGROUND

On March 12, 2018, Plaintiff, while detained at the Manhattan Detention Complex, allegedly suffered injuries due to excessive force by several corrections officers, resulting in a fractured jaw requiring surgery. Plaintiff filed a notice of claim on June 6, 2018, and commenced this action on June 10, 2019, naming the City of New York and John/Jane Doe defendants. Plaintiff asserted federal and state claims, including excessive force, failure to intervene, assault, battery, and negligent hiring and training.

The City disclosed records identifying Captains Travis Griffith and Nigel Graham and Officers Ronald Reid and Serge Jolimeau as individuals potentially involved in the incident on January 25, 2024. Plaintiff moved to amend the complaint on July 23, 2024.

155765/2019  HIBBERT, DURRELL vs. CITY OF NEW YORK          Page 1 of 4
Motion No. 002

1 of 4

[* 1]

## DISCUSSION

### I.      CPLR § 1024

Under CPLR § 1024, plaintiffs may initiate actions against unknown defendants by designating them as "John/Jane Doe," provided they satisfy two requirements: first, they must exercise due diligence in identifying the defendants before the statute of limitations expires; and second, the delay in naming the defendants must not prejudice the newly identified parties.

### A. Lack of Due Diligence

Here, Plaintiff failed to demonstrate due diligence in identifying the unknown defendants before the statute of limitations expired. Plaintiff elected to forgo oral argument and chose to have this matter decided on the record before the court. In doing so, Plaintiff relinquished the opportunity to provide additional information that could illuminate the exercise of due diligence. Based on this record, Plaintiff has failed to demonstrate such efforts.

Courts have consistently held that plaintiffs must take active steps to ascertain the identities of unknown defendants, such as seeking pre-action discovery under CPLR § 3102(c) or filing Freedom of Information Law ("FOIL") requests (*Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 33 [2d Dept 2009]; *Temple v New York Community Hosp.*, 89 AD3d 926, 928 [2d Dept 2011]). Merely relying on the City's discovery process after commencing litigation does not suffice (*Tucker v Lorieo*, 291 AD2d 261, 262 [1st Dept 2002]).

Here, the incident occurred on March 12, 2018, and Plaintiff filed suit on June 10, 2019, the last day of the one-year and ninety-day statute of limitations for state law claims under General Municipal Law § 50-i. Plaintiff did not seek pre-action discovery or provide any evidence of investigative efforts during this period. Furthermore, Plaintiff did not move to amend the complaint until July 23, 2024—over six years after the incident and six months after learning the identities of the proposed defendants. These delays undermine any claim of due diligence.

### B. Prejudice to the Proposed Defendants

Substituting new defendants over six years after the incident would significantly prejudice defendants' ability to defend against the claims. The passage of time has likely impacted the availability of witnesses and evidence, hindering the proposed defendants' ability to prepare an adequate defense (*Crawford v City of New York*, 129 AD3d 554, 555 [1st Dept 2015]). Courts have repeatedly held that such prejudice precludes substitution under CPLR § 1024 (*Scoma v Doe*, 2 AD3d 432, 433 [2d Dept 2003]).

### II.     CPLR § 3025(b): Leave to Amend the Complaint

Under CPLR § 3025(b), leave to amend a pleading should be freely granted absent prejudice to the opposing party or when the amendment is palpably insufficient or devoid of merit (*Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]; *McCaskey, Davies & Assoc., Inc. v New*

155765/2019   HIBBERT, DURRELL vs. CITY OF NEW YORK                                    Page 2 of 4
Motion No.  002

2 of 4

[* 2]

*York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]). However, an amendment cannot be granted if the claims against the new defendants are barred by the statute of limitations.

## A. Statutes of Limitations

Here, the state law claims are subject to a one-year and ninety-day limitations period under General Municipal Law § 50-i, which expired on June 10, 2019. Federal claims under 42 U.S.C. § 1983 are subject to a three-year limitations period, which expired on October 26, 2021, after applying the COVID-19 toll provided by Executive Order 202.8. Plaintiff failed to substitute the John Doe defendants or move to amend the complaint within these limitations periods. Without a valid basis for applying the relation-back doctrine under CPLR § 203(f), the proposed amendment is untimely and barred.

## III.     CPLR § 203(f): Relation-Back Doctrine

The relation-back doctrine allows claims against new defendants to relate back to the original complaint if three conditions are met: 1.) The claims arise out of the same conduct, transaction, or occurrence alleged in the original complaint; 2.) The new defendants are united in interest with the original defendants; and 3.) The new defendants knew or should have known that, but for a mistake, they would have been named in the original complaint (*Buran v Coupal*, 87 NY2d 173, 178 [1995]).

## A. Unity of Interest

To establish unity of interest, the new and original defendants must share such a legal relationship that a judgment against one would bind the other (*Higgins v City of New York*, 144 AD3d 511, 513 [1st Dept 2016]). While the City may indemnify its employees, the potential for individual defenses, such as qualified immunity, undermines a finding of unity of interest (*Pope v City of New York*, 2023 NY Slip Op 30871[U] [Sup Ct, NY County 2023]; *Amaya v Garden City Irrigation, Inc.*, 645 F Supp 2d 116, 122 [EDNY 2009]).

Here, the proposed defendants are not united in interest with the City because they may assert personal defenses that are not available to the City. The City's potential vicarious liability does not suffice to establish unity of interest.

## B. Notice and Mistake

Likewise, Plaintiff has not demonstrated that the proposed defendants knew or should have known that they were intended parties. The relation-back doctrine requires evidence that the failure to name the correct defendants was a genuine mistake rather than a lack of diligence (*Temple v New York Community Hosp.*, 89 AD3d 926, 928 [2d Dept 2011]). Here, Plaintiff's lack of efforts to identify the defendants prior to the expiration of the limitations period precludes application of the relation-back doctrine.

Plaintiff's motion to amend the summons and complaint fails to meet the requirements of CPLR §§ 1024, 3025(b), or 203(f). The lack of due diligence, significant prejudice to the proposed

**155765/2019   HIBBERT, DURRELL vs. CITY OF NEW YORK**                    **Page 3 of 4**
**Motion No.  002**

3 of 4

[* 3]

defendants, and the expiration of the applicable statutes of limitations preclude substitution or amendment.

Accordingly, it is hereby:

ORDERED that Plaintiff's motion to amend the summons and complaint is denied in its entirety.

2024112611451QHK1NG06F4712XE549A4053A86349EC2681C855

11/26/2024
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155765/2019   HIBBERT, DURRELL vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]