J.V. v Suffolk County (2025 NY Slip Op 00898)

J.V. v Suffolk County

2025 NY Slip Op 00898

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-04920
 (Index No. 611271/21)

[*1]J.., appellant, 
v
Suffolk County, et al., defendants, Nassau County, respondent.

Herman Law, New York, NY (Daniel Ellis, Stuart S. Mermelstein, Jeffrey Herman, Andrew Silvershein, Emily Dolgin, and Yusuf Sattar of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Benjamin W. Sonnenfeldt and Peter A. Meisels of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated April 4, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Nassau County which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff timely commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants Suffolk County and Does 1-10 to recover damages for negligence. According to the complaint, as a child in 1975-1976, while the plaintiff was under the care and custody of Suffolk County, she was sexually abused by her foster father in a foster home that was located in Suffolk County. After the expiration of the revival period under the Child Victims Act, the plaintiff discovered that she had been in the care and custody of Nassau County during the relevant time frame, and she moved for, among other things, an order pursuant to CPLR 1024 identifying Doe 1 as Nassau County. In an order dated August 17, 2022, the Supreme Court granted the motion "without prejudice to any argument that Nassau County may raise concerning the timeliness of the action as against it." Thereafter, the plaintiff filed a supplemental summons and amended complaint substituting Nassau County as Doe 1. Nassau County then moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. In an order dated April 4, 2023, the court, among other things, granted that branch of the motion. The plaintiff appeals.
Pursuant to CPLR 1024, "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." "To be effective, a summons and complaint must describe the unknown party in such a manner that the 'Jane Doe' would understand that she is the intended defendant by a reading of the papers" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 29; see Justin v Orshan, 14 AD3d 492, 493). "An insufficient description [*2]subjects the 'Jane Doe' complaint to dismissal for being jurisdictionally defective" (Bumpus v New York City Tr. Auth., 66 AD3d at 30). Morever, "parties are not to resort to the 'Jane Doe' procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so. Any failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party" (id. at 29-30 [citations omitted]; see Agosto v Maria, 232 AD3d 835, 837).
Here, the plaintiff did not demonstrate that she diligently sought to identify Nassau County as being responsible for her placement in foster care before the statute of limitations expired (see Irvine v City of New York, 232 AD3d 467, 468; Holmes v City of New York, 132 AD3d 952, 954). Although in July 2021, the plaintiff's attorney, by letter, requested the plaintiff's foster care records from Suffolk County, no response was received until April 2022, and the plaintiff failed to follow up on the letter request prior to receiving the response in April 2022 (see Irvine v City of New York, 232 AD3d at 468; Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 928).
Moreover, the allegations in the complaint were insufficient to advise Nassau County that it was the intended subject of the plaintiff's lawsuit, since the complaint described Does 1-10 as persons or entities with responsibilities for the plaintiff's safety, supervision, and/or placement in foster care; described Suffolk County as the plaintiff's legal guardian responsible for placing and supervising the plaintiff while she was in foster care; and did not otherwise adequately describe Nassau County (see Irvine v City of New York, 232 AD3d at 468).
Accordingly, the Supreme Court properly granted that branch of Nassau County's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court